ALFRED J. MORRIS, complainant-respondent,

*v.*

MAX FRIEDBERG et al., defendants-appellants.

[Submitted February term, 1932. Decided May 16th, 1932.]

*Mr. Philip Monhert (Messrs. Gorson & Gorson,* of counsel), for the appellants.

*Mr. Albert C. Abbott,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

The bill in this case was filed to foreclose a mortgage of $5,000 on which it was claimed there remained due a balance of $1,200. The defense was that this balance had been paid to the complainant's agent duly authorized for the purpose. There was a decree for the complainant and the defendant appeals.

The question in the case is whether one Walter T. Reed, the agent of the complainant to collect the mortgage, was acting within the scope of his authority in accepting defendant's note for $1,200, and we think it should have been determined in favor of the defendant.

Reed had been employed by complainant to collect for him installments of interest together with the principal of the mortgage. From time to time payments on account of the mortgage were made to Reed and turned over to the complainant. When there remained only the balance of $1,200 due on the principal, the defendant gave his note drawn to the order of Guaranty Realty Company, a corporation of which Reed was the manager and which he apparently controlled. The note was then discounted at bank and the proceeds paid to Reed, but these proceeds Reed never turned over to his principal.

Our examination of the evidence convinces us that this method of payment was authorized by the complainant and that when the note was given, discounted and the proceeds paid to Reed, it extinguished the balance due on the mortgage. Reed testified that he was so authorized and the complainant admitted that Reed had told him that the defendant had offered a note and that he had replied that he did not know whether it would be all right or not, and that he waited to

see what Reed was going to do about it. He also said he had instructed Reed "to do such things as would be necessary" to effect the collection of the mortgage. When, therefore, the note was given and the proceeds turned over to Reed, we think the proofs fairly establish that it was under the authority of the agency vested in Reed.

Taking this view of the evidence, it it unnecessary to consider whether the giving of the note, its immediate discount by the payee and receipt of the proceeds by Reed, did not constitute in substance payment in cash as effectually as if Reed had received a check which was subsequently presented at the bank and paid.

The decree is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.